# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

ALONZO ZACHERY
Reg. # 11698-035                                                    PETITIONER

VS.                          NO. 2:06CV00013 BD

LINDA SANDERS,
Warden, FCI - Forrest City                                         RESPONDENT

## ORDER

Petitioner filed a petition for writ of habeas corpus (#1) under 28 U.S.C. § 2241

with this Court while confined at the Federal Correctional Complex - Medium Security

institution in Forrest City, Arkansas ("FCI-FC").  In his petition, Petitioner complains that

the State of Louisiana inappropriately filed a detainer and warrant for a parole violation

with FCI-FC, denying him eligibility for a half-way house placement.  Petitioner requests

that "the restraints upon my liberty be removed which is improvidently lodged upon me in

the form of a parole violator warrant."  For the reasons set forth below, Petitioner's claim

is DISMISSED without prejudice.

I.      Background:

At the time the petition was filed, Petitioner was confined in FCI-FC which is

within the Eastern District of Arkansas.  Petitioner was released from FCI-FC on August

25, 2006.  Correspondence from the Court to Petitioner (#10) has been returned as

"Undeliverable" (# 12), with a notation that FCI-FC is unable to identify the inmate.

Petitioner has not notified the Court of a new address.  However, Louisiana Department

of Correction Officials indicate Petitioner is currently confined at the J. Levy Dabadie

Correction Center in Pineville, Louisiana.

II.      Analysis:

Title 28 U.S.C. § 2241(a) provides that a writ of habeas corpus "may be granted by

. . . the district courts . . . within their respective jurisdictions."  Title 28 U.S.C. § 2243

further provides that "the writ, or order to show cause shall be directed to the person

having custody of the person detained."  Following these statutes, the United States

Supreme Court ruled in *Rumsfeld v. Padilla*, 543 U.S. 426, 447, 124 S.Ct. 2711, 2722,

159 L.Ed.2d 513 (2004) that a federal prisoner's § 2241 petition challenging his present

physical confinement must name his warden as respondent and must be filed in the

district of confinement because only a court located in the district of confinement has

personal jurisdiction over the prisoner's custodian. See also *Braden v. 30th Judicial*

*Circuit Court*, 410 U.S. 484, 495, 93 S.Ct. 123, 35 L.Ed.2d 443 (1973) (holding that

jurisdiction under 28 U.S.C. § 2241 lies in the district where a custodian responsible for

the confinement is present); *Propotnikv. Putnam*, 538 F.2d 806, 807 (8th Cir. 1976)

(affirming a district court's order dismissing a petition under 28 U.S.C. § 2241 because

the petitioner was confined in another judicial district).  The custodian is the person with

"the ability to produce the prisoner's body before the habeas court."  *Id*. at 435.

At the time the Petition was filed, Petitioner was confined in the Eastern District of Arkansas, and the Respondent was his warden.  However, Petitioner was released from FCI-FC in August, 2006, and Respondent is no longer the custodian responsible for Petitioner's confinement.  Petitioner is physically confined in another state and another district.[1]  Therefore, this Court no longer has jurisdiction and the case must be dismissed without prejudice.

Further, even if this Court had jurisdiction, Petitioner's request for relief is moot. Petitioner seeks relief from the Louisiana detainer in order to be eligible for placement in a half-way house or an order to prevent his being detained upon completion of his federal sentence.  Either way, the Court cannot order the relief Petitioner requests because he has already been released from FCI-FC.  *Poulton v. Sanders*, 2007 WL 141127 at *2 (E.D. Ark. January 16, 2007) (dismissing as moot a habeas petition challenging a Texas detainer which petitioner claimed was preventing him from being considered for half-way house placement when petitioner had been released).  Petitioner cannot show that he has suffered or is going to suffer an injury that can be redressed by this Court and his petition is, therefore, moot.

---

[1] Petitioner has also failed to keep the Court informed of his current address as required by Local Rule 5.5(c)(2) of the Eastern District of Arkansas, as evidenced by the return of the Court's December 29, 2006 Order as "Undeliverable" (#12).

III.    Conclusion:

IT IS, THEREFORE, ORDERED that Petitioner's petition for writ of habeas

corpus (#1) is DISMISSED WITHOUT PREJUDICE.

DATED this 26th day of February, 2007.


_____
United States Magistrate Judge